IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NATHANIEL M. WILLIAMS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) No. 1:23-cv-948 (PTG/WEF) |
| | ) |
| HMSHOST AT WASHINGTON DULLES | ) |
| INTERNATIONAL AIRPORT, D/B/A | ) |
| HMSHOST INTERNATIONAL, INC. | ) |
| | ) |
| *Defendant.* | ) |

## MEMORANDUM ORDER

This matter is before the Court on Defendant HMSHost International, Inc.'s Motion to Dismiss ("Motion") (Dkt. 7) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Essentially, Defendant seeks dismissal on two grounds: (1) the Court lacks subject matter jurisdiction based on the insubstantiality doctrine; and (2) Plaintiff fails to state a claim as a matter of law. The Motion is now fully briefed and ripe for disposition.[1] For the reasons that follow, the Court finds that it has subject matter jurisdiction but that the Complaint fails to state any claim. Accordingly, the Court grants in part and denies in part Defendant's Motion.

### Background

On July 19, 2023, Plaintiff sued Defendant alleging federal and state law claims related to his employment as a chef manager for a multi-unit restaurant site operated by Defendant in Washington Dulles International Airport. Dkt. 1 ("Compl.") ¶¶ 2, 3. Plaintiff alleges that the general manager, the multi-unit manager, and other employees at a Carrabba's restaurant location

---

[1] On October 12, 2023, this Court granted Plaintiff an extension to oppose the instant Motion. Dkt. 14.

under Defendant's operation harassed Plaintiff based on his race as the "sole African-American[.]" *Id.* ¶ 4. The Complaint alleges that Plaintiff was called racial epithets. *Id.* ¶ 7.

Though the Complaint contains many factual allegations that are difficult to understand, Plaintiff essentially alleges that he was harassed and "target[ed]" until he was "caused/forced" to quit. *Id.* ¶ 14. The Complaint claims that Hispanic staff members sought to "sabotage" Plaintiff's purported engagement to a woman, certain staff intimidated Plaintiff so that he felt "harassed to the point that anywhere [he went, he felt] that someone" was watching his every move, and that eventually Plaintiff became the victim of unlawful retaliation for reporting his experience to the EEOC. *Id.* ¶¶ 9, 8, 13, 14.

Plaintiff brings nine counts in his Complaint, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts 1–6), the federal and state anti-stalking laws, 18 U.S.C. § 2261A (Count 7) and Va. Code § 18.2-60.3 and Va. Code § 8.01-42.3 (Count 9), and the Virginia state law for conspiracy, Va. Code § 18.2-499 (Count 8).

## Legal Standard

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit[.]'" *Laber v. Harvey*, 428 F.3 404, 425 (4th Cir. 2006) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1994)). A court will dismiss for lack of subject matter jurisdiction on insubstantiality grounds, which is the province of Federal Rule of Civil Procedure 12(b)(1). *Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988). Where a court finds that a federal claim is insubstantial, a court "is also without jurisdiction to decide any state issues or claims[.]" *Id.*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint[,]" drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (alteration in original) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). When filed by a *pro se* complainant, a court will construe the complaint and subsequent briefing liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Analysis

### I.  The Court Has Subject Matter Jurisdiction Over Plaintiff's Claims

Defendant argues that Plaintiff's Complaint should be dismissed pursuant to the insubstantiality doctrine under Rule 12(b)(1). Dkt. 7 at 5–8. The Court disagrees.

The insubstantiality doctrine "forbids the federal district courts from exercising subject matter jurisdiction over claims that are attenuated and insubstantial, absolutely devoid of merit, obviously frivolous, or no longer open to discussion." *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 289 (4th Cir. 2013). Dismissal is reserved only for claims that are "truly frivolous." *Davis*, 856 F.2d at 651. Such claims may, for example, include "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural intervention." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (agreeing that a complaint was properly dismissed as frivolous under the insubstantiality doctrine where the plaintiff alleged that the federal government inserted a computer chip into his head without permission). On the other

hand, "[c]ases which are doubtful on the merits, even those which cannot survive a [Rule] 12(b)(6) motion for failure to state a claim, still are substantial enough to support federal jurisdiction." *Davis*, 856 F.2d at 651.

Plaintiff's Complaint is not so insubstantial that it meets the "difficult" insubstantiality threshold. *Davis*, 856 F.2d at 651. While the Complaint contains some seemingly frivolous allegations, the Complaint puts Defendant on notice as to Plaintiff's claim that he faced a hostile work environment. *Compare* Compl. ¶¶ 13, 31, 35 (referring to an "experiment gone wrong" and allegations that several fellow employees claimed that they could see into "[P]laintiff's eyes"), *with id.* ¶ 39 (alleging that "staff basically [stared] at the Plaintiff all shift long"), *and id.* ¶ 44 (alleging that Plaintiff was "being followed around" by staff). Even if the allegations are arguably doubtful on the merits, they are sufficient to withstand the high bar of dismissal under Rule 12(b)(1) for insubstantiality. Therefore, the Court will deny Defendant's Motion to Dismiss insofar as it seeks dismissal for lack of subject matter jurisdiction.

## II. Plaintiff's Federal Claims Fail

### A. *Plaintiff Fails to Plausibly Allege Exhaustion for Title VII Claims*

Counts 1 through 6 allege Title VII violations. "[B]efore filing suit under Title VII . . . a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022) (citing 42 U.S.C. §§ 2000e-5(b), (f)). The EEOC charge "defines the scope" of a plaintiff's complaint. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Thus, a plaintiff's allegations "must correspond to those set forth" in the EEOC charge. *Chacko v. Patuxent Inst.*, 429 F.2d 505, 509 (4th Cir. 2005). Failure to plausibly allege exhaustion merits dismissal under Rule 12(b)(6). *Okanes v. Soc'y for Worldwide Interbank Fin. Telecomm. SC*, 2021 WL 9598562, at *1 (E.D. Va. June 7, 2021) (citing *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019) (explaining that dismissal for failure to exhaust under Title

4

VII is properly considered under Rule 12(b)(6) and not Rule 12(b)(1) because the exhaustion requirement is a mandatory non-jurisdictional claims-processing rule)).

In this case, Plaintiff alleges that he filed an EEOC charge. *See* Compl. ¶¶ 12–13. However, Plaintiff does not describe the contents of the charge or attach the charge or the right-to-sue notice to his Complaint. In his Opposition, Plaintiff fails to attach the EEOC charge, the right-to-sue notice, or sufficiently address exhaustion despite Defendant raising this issue. Dkt. 13. For example, Plaintiff's statement asserts that "there are too many EEOC charges which have resulted in a Right To Sue Letter" is conclusory and fails to aid the Court with its duty—as described above—to compare the contents of Plaintiff's Complaint to the scope of the EEOC charge. *Id.* at 26. In other words, referring to the EEOC charge alone is insufficient to plausibly allege exhaustion. The Court thus concludes that Plaintiff has failed to plausibly allege that he has exhausted his Title VII claims. Therefore, the Court dismisses Plaintiff's Title VII claims without prejudice and will grant Plaintiff leave to amend as to these claims (Counts 1–6).

  *B.* *Plaintiff's Federal Stalking Claim Fails*

In Count 7, Plaintiff alleges a violation of the federal law prohibiting stalking. Compl. ¶¶ 108–25 (citing 18 U.S.C. § 2261A). As a private citizen, Plaintiff may not institute an action against another party under the federal criminal statute. *See, e.g., Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) (concluding that case law unanimously holds that § 2261A lacks a private right of action and collecting cases). Therefore, Plaintiff's claim under Count 7 must be dismissed as a matter of law.

### III. Plaintiff's State-Law Claims Fail

  *A.* *Plaintiff's Statutory Civil Conspiracy Claim Fails*

In Count 8, Plaintiff alleges a violation of statutory civil conspiracy pursuant to Va. Code § 18.2-499. Victims of a conspiracy may pursue a civil action under Virginia law where two or

more persons "willfully and maliciously injur[e] another in his reputation, trade, business or profession by any means whatever." *Station #2, LLC v. Lynch*, 695 S.E.2d 537, 541 (Va. 2010) (alteration in original) (quoting Va. Code § 18.2-499). However, "an allegation of conspiracy . . . must at least allege an unlawful act or an unlawful purpose." *Id.* (quoting *Hechler Chevrolet, Inc. v. Gen. Motors Corp.*, 337 S.E.2d 744, 748 (Va. 1985)).

Plaintiff recites the legal elements of the claim and asserts that he has met them. For example, Plaintiff alleges that he suffered "injury to his reputation as a Professional Chef, injury to his Public Image as [a] Rap Musician[.]" Compl. ¶ 132. The Court, however, is not required to accept Plaintiff's legal conclusions as true. *Wahi*, 562 F.3d at 616 n.26. Beyond his conclusory statements, Plaintiff fails to allege facts that would allow this Court to draw a plausible inference that he suffered a cognizable injury sufficient to support his conspiracy claim.

Plaintiff's bare references to the injuries that he suffered do not provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Therefore, the Court must dismiss Plaintiff's claim of statutory civil conspiracy for his failure to state a claim.

B.   *Plaintiff's State Stalking Claim Fails*

Finally, the Court turns to Plaintiff's state stalking claim alleged in Count 9. Plaintiff alleges a violation of Va. Code § 18.2-60.3 and Va. Code § 8.01-42.3. Compl. ¶ 141. Va. Code § 18.2-60.3 is a criminal statute that prohibits stalking. Meanwhile, Va. Code § 8.01-42.3 provides a civil remedy for stalking against an individual whose conduct is prohibited under Va. Code § 18.2-60.3, "whether or not the individual has been charged[.]" Va. Code § 8.01-42.3(A).

As with Plaintiff's federal stalking claim in Count 7, Plaintiff may not institute an action under Va. Code § 18.2-60.3 as a private citizen. *Cook v. Unisys Fed. Gov't Grp.*, 2015 WL

6

5690976, at *8 (W.D. Va. Sept. 28, 2015) (recognizing that a plaintiff may not bring a claim against a defendant under Va. Code § 18.2-60.3 because the criminal statute lacks a private right of action).

Meanwhile, Va. Code § 8.01-42.3, in incorporating Va. Code. § 18.2-60.3, allows for a plaintiff to pursue damages against an individual who has engaged in conduct "directed at another person with the intent to place, or when he knows or reasonably should know that the conduct places that other person in reasonable fear of death, criminal sexual assault, or bodily injury[.]" Va. Code § 18.2-60.3(A); *see also* Va. Code § 8.01-42.3(A) (authorizing a "civil cause of action against an individual who engaged in conduct that is prohibited under § 18.2-60.3"). The Supreme Court of Virginia has identified three elements in Va. Code § 18.2-60.3:

> (1) the defendant directed his ... conduct toward the victim on at least two occasions; (2) the defendant intended to cause fear or knew or should have known that his ... conduct would cause fear; and (3) the defendant's conduct caused the victim to experience reasonable fear of death, criminal sexual assault, or bodily injury.

*Banks v. Commonwealth*, 795 S.E.2d 908, 913 (2017) (alterations in original) (quotation marks and citations omitted).

Even construing it liberally, the Complaint fails to plausibly allege that Plaintiff was ever placed in reasonable fear of death, criminal sexual assault, or bodily injury. *See* Compl. ¶ 136 (stating that Plaintiff felt "stressed and targeted"). Therefore, Plaintiff's stalking claim alleged under Count 9 must be dismissed for Plaintiff's failure to state a claim as a well. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED in part and DENIED in part**; it is further

7

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED** as to Count 1 (Discrimination and Retaliation, Title VII), Count 2 (Disparate Treatment, Title VII), Count 3 (Retaliation, Title VII), Counts 4 and 5 (Harassment, Title VII), and Count 6 (Hostile Work Environment, Title VII). Counts 1, 2, 3, 4, 5, and 6 are hereby **DISMISSED without prejudice**; it is further

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED** as to Count 7 (Stalking, 18 U.S.C. § 2261A), Count 8 (Statutory Civil Conspiracy, Va. Code § 18.2-499), and Count 9 (Stalking, Va. Code § 18.2-60.3 and Va. Code § 8.01-42.3). Counts 7, 8, and 9 are hereby **DISMISSED**; it is further

**ORDERED** that the Motion to Dismiss (Dkt. 7) is **DENIED** in all other respects; and it is further

**ORDERED** that Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint as to Counts 1, 2, 3, 4, 5, and 6. Plaintiff's failure to timely file an amended complaint may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff, proceeding *pro se*.

Entered this 12th day of April, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge